REDMANN, Judge
(dissenting in part).
Since Mrs. Blanchard was only a guest passenger of her husband, his fault does not bar her recovery from defendants if their driver’s fault also concurred in causing her injury.
As the trial judge “conceded,” the defendant driver did violate the minimum speed limit (by remaining in the travelling lane as he slowed down, rather than pulling off to the emergency stopping lane immediately to his right to there switch gas tanks). Violation of the minimum speed *368 limit was a cause in fact, since the accident would not have occurred if defendant driver had maintained the minimum speed.
The question is, therefore, whether the minimum speed duty intends the avoidance of risk of injury to a passenger in an overtaking vehicle whose driver’s inattention results in collision with a vehicle travelling below the minimum speed. Is the minimum speed duty designed only to keep traffic moving to avoid annoyance to high-speed drivers, or is it — precisely because expressway traffic does travel at high speed — also designed to avoid accidents like that which here occurred ?
In my opinion the minimum speed duty intended to avoid accidents like this, and Mrs. Blanchard should therefore recover from defendants.